**U.S. BANK NATIONAL ASSOCIATION, Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass Through Certificates, Series 2005–5**

v.

**Fabian LOPEZ a/k/a Christian Arroyo, Alias John Doe; Maria Gabriel a/k/a Diane Anarez, Alias Jane Doe, Celio Calel a/k/a Jazlin Calderon, Alias Jane or John Doe; and Diego Doe a/k/a Xaver (Diego) Calderon, Alias John Doe.**

**U.S. Bank National Association, Trustee for the Registered Holders of Aegis Asset Backed Securities Trust, Mortgage Pass Through Certificates, Series 2005–5**

v.

**Erica Serran, Alias Jane Doe.**

**Nos. 2011–251–APPEAL, 2011–253–APPEAL.**

Supreme Court of Rhode Island.

June 18, 2012.

Anthony J. DiBiase, Jr.

George E. Babcock.

## ORDER

The defendants, Fabian Lopez and Erica Serran, appeal from Superior Court judgments for possession in favor of the plaintiff, U.S. Bank National Association (U.S. Bank) on the plaintiff's complaints for eviction. The cases were consolidated and ordered to be heard before the Supreme Court at a session in conference pursuant to Article I, Rule 12A(3)(b) of the Supreme Court Rules of Appellate Procedure. After due consideration, we now order that these appeals be dismissed as moot.

The defendants were tenants in a building located on Union Avenue in Providence and owned by Silverio Parra, who occupied the first floor of the building. Eviction complaints were filed in District Court against each of these three occupants, and judgments entered in favor of the plaintiff in all three cases. Serran (the third floor tenant) and Lopez (the second floor tenant) appealed the District Court judgments to the Superior Court; however, Silverio Parra did not appeal. The defendants' appeals were denied after a hearing before a Superior Court justice, and judgment entered in favor of the plaintiff in both cases. The defendants filed notices of appeal from these judgments. While the appeals were pending in this Court, the cases were remanded and executions were issued. The defendants thereafter vacated the premises.

Because the defendants have vacated the premises, these appeals are now moot. "A question is moot if a court's 'judgment would fail to have a practical effect on the existing controversy * * *.'" *Lynch v. Rhode Island Department of Environmental Management,* 994 A.2d 64, 71 (R.I. 2010) (quoting *City of Cranston v. Rhode Island Laborers' District Council Local 1033,* 960 A.2d 529, 533 (R.I.2008)). This Court has held that the question of possession becomes moot if a tenant vacates the premises while an appeal is pending. *Jones v. Aciz,* 109 R.I. 612, 619, 289 A.2d 44, 48 (1972).

The defendants' appeals are denied and dismissed and judgments appealed from are affirmed.